```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

WILLIAM ROBERTS WILSON, JR., P.A.                          PLAINTIFF

VS.                            CIVIL ACTION NO. 308CV229TSL-JCS

STEPHEN B. MURRAY D/B/A
MURRAY LAW FIRM                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Stephen B. Murray d/b/a Murray Law Firm to dismiss Counts I and II and to abstain from exercising declaratory judgment jurisdiction, and on a separate motion by defendant to transfer venue of this case to the Eastern District of Louisiana. Plaintiff William Roberts Wilson, Jr., P.A., has responded in opposition to the motions, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motions should be denied.

In 1991, attorneys William Roberts Wilson and Stephen B. Murray reached an agreement to associate with each other in the prosecution of asbestos claims in Louisiana. Wilson, a Mississippi attorney, associated Murray, a Louisiana attorney, to work on cases and claims pending in Louisiana, and to pay Murray one-third of all fees recovered in suits against all but one identified asbestos manufacturer. According to Murray, in July

1995, the agreement was modified by the execution of an Association Agreement which created a joint venture between Murray and Wilson (and other attorneys) for handling Louisiana cases. Murray claims that under the 1995 agreement, he undertook additional responsibilities in exchange for a higher percentage of fees received from clients and cases covered by the agreement.[1] Under both agreements, Wilson was responsible for collecting fees and depositing them in an escrow account and, according to Murray, was to present an accounting and proposed distribution of fees to Murray.

Sometime in early 2008, Wilson proposed renegotiating the terms of the parties' agreement, and on March 13, in the course of the parties' discussions, Murray demanded that Wilson provide an accounting of the fees associated with the asbestos litigation. After Wilson provided the requested accounting, Murray responded by letter, claiming Wilson had failed to make the proper payments required by the parties' agreement and was in violation of the agreement, demanding immediate payment of all sums due and demanding copies of all pertinent bank statements.  Murray acknowledged Wilson's discontent with the then-current agreement and wrote that he was prepared to discuss a prospective

---

[1] For his part, Wilson maintains that since only he, and not Murray, signed the 1995 agreement, then that agreement is not binding on either party.

renegotiation of terms; but he insisted that he was entitled to payment of all monies then due him.

On April 8, 2008, Wilson filed the present lawsuit against Murray alleging claims and seeking damages for breach of contract, and also seeking a declaratory judgment allowing reformation and termination of the 1991 agreement under the doctrines of supervening impracticability or impossibility or frustration of purpose, based on allegations that the unexpected bankruptcy of several of the asbestos defendants and Murray's unreasonable demands made performance impossible or impracticable.

On April 18, 2008, one day after Murray was served with the summons and complaint for this action, Murray filed a separate lawsuit in state court in Louisiana, which was timely removed by Wilson to the United States District Court for the Eastern District of Louisiana.  On Wilson's motion, the Louisiana district court, invoking the first-filed rule, transferred the Murray action to this court.  In his opinion entered August 7, 2008, Judge Lance Africk found that transfer was proper as there was a substantial overlap of issues between Wilson's lawsuit in this court and Murray's lawsuit in Louisiana, none of the exceptions to the first-to-file rule were applicable, and Wilson's lawsuit was filed first.  See Stephen B. Murray, Sr. d/b/a Murray Law Firm vs. William Roberts Wilson, Jr., No. 08-2005 (E.D. La. Aug. 7, 2008).

In the meantime, Murray filed in this action the present motion to dismiss and abstain, and his separate § 1404(a) motion to transfer this action to the Eastern District of Louisiana, which motions this court now considers.

The Declaratory Judgment Act states:  "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration".  28 U.S.C. § 2201(a).  This Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants".  Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).  See AXA Re Property & Cas. Ins. Co. v. Day, 162 Fed. Appx. 316, 319, 2006 WL 133532, 2 (5th Cir. 2006)(quoting Wilton).  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Id. at 288, 115 S. Ct. 2137. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), explained it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same

parties". See AXA, 162 Fed. Appx. 316, 319, 2006 WL 133532, 2 (quoting Brillhart).

In Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set forth three inquiries for district courts in determining whether to adjudicate a declaratory judgment action: (1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994). The Trejo factors, which the district court is to consider when deciding whether Brillhart abstention should apply to a declaratory judgment action, are as follows:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit,
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, ...
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy ... and
> [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590-91. See AXA, 162 Fed. Appx. 316, 320, 2006 WL 133532, 3 (quoting Trejo).

Implicit in Murray's motion to dismiss and for abstention is his acknowledgment that whereas the court has broad discretion to

decline to exercise jurisdiction over a case in which the plantiff seeks solely declaratory relief, the court's discretion is severely circumscribed when a complaint seeks not only declaratory relief but also coercive relief.  The Fifth Circuit has made clear that <u>Brillhart</u> is only applicable "when a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action," <u>Southwind Aviation, Inc. v. Bergen Aviation, Inc.</u>, 23 F.3d 948, 950 (5th Cir. 1994), and does not apply when a complaint also seeks coercive relief, see <u>Kelly Inv., Inc. v. Continental Common Corp.</u>, 315 F.3d 494, 497 (5th Cir. 2002).  Thus, as Murray recognizes, there is no legitimate basis for abstention in this case unless the court concludes that Wilson has stated no cognizable claim for coercive relief, which is precisely what Murray maintains in his motion to dismiss.  To the point, Murray argues that Wilson's purported claim for damages in the complaint falls short of the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and must therefore be dismissed.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."  Fed. R. Civ. Proc. 12(b)(6).  In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007), the Supreme Court clarified the standards applicable in a motion to dismiss for failure to state a claim.  The Court held that that Rule 12(b)(6) must be read in conjunction with Rule

8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. In the complaint herein, Wilson alleges that the parties entered into a contract in February 1991, a copy of which is attached to the complaint. The letter agreement reflects Wilson's agreement to associate with Murray in the prosecution of asbestos cases in Louisiana and to pay Murray one-third of all fees recovered in suits against all but one identified asbestos manufacturer, and Murray's obligation to provide "incidental information and assistance, such as helping us deal with the local court system."[1] In Count I, the complaint recites that Murray has failed to perform the obligations imposed by the parties' contract, and that Wilson has sustained money damages as a result. Plaintiff has also purported to assert a claim in Count II for "unjust enrichment," reciting that Murray has made "unreasonable demands" for payment of funds accumulated by Wilson in the prosecution of asbestos cases, and alleging that in light of Murray's failure to perform, "[f]urther payment to

---

[1] Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006).

7

Murray by Wilson would result in Murray's unjust enrichment."  In the court's opinion, plaintiff's claims are not deficient in accordance with the standard enunciated in Twombly.

Even if the court were to conclude that Wilson had failed to state a cognizable claim for coercive relief so that there was only a claim for declaratory relief, this court would exercise its discretion in favor of adjudicating the claim.  First, there is no suggestion, or basis for suggestion, that Wilson has failed to present a justiciable claim, nor any suggestion that this court lacks authority to grant the requested relief.  However, Murray maintains that proper consideration of the Trejo factors should lead this court to dismiss in favor of allowing him to proceed with his lawsuit in his chosen forum of Louisiana.  In so contending, Murray focuses primarily on factors (2), (3) and (4), which address forum shopping in anticipation of litigation, arguing that Wilson had no permissible purpose for filing this action, and instead, filed it preemptively, in anticipation of litigation by Murray, "to race to *res judicata* or to change forums."  See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc., 996 F.2d 774, 776 (5th Cir. 1993) (stating that "using a Declaratory Judgment action to *res judicata* or to change forums is thoroughly inconsistent with the purpose of the Declaratory Judgment Act and should not be countenanced").  He further argues that Louisiana is a more convenient forum, another

consideration under Trejo (and also the basis for his motion to transfer under § 1404(a)).

In his opinion granting Wilson's motion to transfer Murray's lawsuit to this forum, Judge Africk considered and rejected Murray's arguments that Wilson's lawsuit was a disfavored "anticipatory suit," finding that while Murray did write in his letter to Wilson of March 26, 2008 that he "reserved the right to seek legal redress," Murray did not threaten *imminent* legal action against Wilson. Murray, No. 08-2005, slip op. at 10-11. See also Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 391 (5th Cir. 2003) ("Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'"). He further opined that Wilson's lawsuit did not amount to "forum shopping," since Wilson is a Mississippi resident, see Murray, No. 08-2005, slip op. at 11-12 (citing Rubin v. General Tire & Rubber Co., 18 F.R.D. 51, 54 (S.D.N.Y. 1955) (explaining that plaintiff could not be accused of "shopping for a forum" when he is a resident of the district in which he filed his lawsuit), and since there was nothing to suggest that Wilson had tried to gain an advantage in the substantive law to be applied to the claims, see id. at 12. Finally, Judge Africk otherwise found no circumstance to suggest bad faith on the part of Wilson in filing suit in Mississippi so

as to make it inequitable to honor his choice of forum.  See id. at 10.  This court concurs in his assessment of these issues and finds no legitimate basis for declining to adjudicate Wilson's claims herein.

Murray has alternatively moved to transfer this case to Louisiana pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The decision to transfer a pending case is committed to the sound discretion of the district court.  Jarvis Christian Coll. v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988).  When deciding a motion to transfer under § 1404(a), the court considers several factors in their totality, including (1) plaintiff's choice of forum; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the relative congestion of the courts' dockets; (6) the accessibility of the premises to jury view; (7) the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (8) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case.

Because the plaintiff's choice of forum is held to be "highly esteemed," Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966), and entitled to great weight, defendant has the burden to demonstrate why the forum should be changed, id.  See Goodman Co., L.P. v. A & H Supply, Inc., 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005)("A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party ....") (citation omitted).  To prevail, defendant must show that the balance of convenience and justice weighs heavily in favor of a transfer of venue.  Estate of Dunn v. American Health Centers, Inc., No. 4:05CV114-D-B, 2006 WL 2701166, at 2 (N.D. Miss. Sept. 18, 2006). "Therefore, when assessing the merits of a § 1404(a) motion, [the] court must determine if a transfer would make it substantially more convenient for the parties to litigate the case." Gardipee v. Petroleum Helicopters, Inc., 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999)(citations omitted).  Thus defendant does not sustain his burden by showing that the proposed forum is equally convenient or inconvenient, see Van Dusen v. Barrack, 376 U.S. 612, 646, 84 S. Ct. 805, 824, 11 L. Ed. 2d 945 (1964), and transfer will be refused where it would operate merely to shift inconvenience from one party to the other.  See Street v. Smith, 456 F. Supp. 2d 761, 767 (S.D. Miss. 2006).  It is manifest from a review of the parties' submissions that Murray has wholly failed to sustain his

burden in this regard.  In support of his motion, Murray's sole argument is that his performance of his contractual obligations was to occur in Louisiana, so that "if Wilson truly intends to assert that Murray in some way failed to properly pursue the Louisiana litigation, then the witnesses will be the parties' mutual clients, defense counsel in the underlying litigation and the judges before whom the cases were and are pending, all Louisiana residents."  Murray's argument fails to account for the scope of the issues presented, which concern not only his own performance under the contract, but the contract itself, and issues bearing on Wilson's claim that events have occurred which render Wilson's own performance, and that of his associates, impossible or impracticable.  Murray simply has not shown that a transfer would make it substantially more convenient for the parties to litigate the case.

Based on the foregoing, it is ordered that Murray's motion to dismiss and to abstain, and his motion to transfer, are denied.

SO ORDERED this 19th day of August, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE